IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 10-663-6 |
| | : | |
| MARK MILLER | : | |

**MEMORANDUM**

**Padova, J.**                                                                                        **June 11, 2012**

On March 14, 2012, Defendant Mark Miller was convicted by a jury of one count of conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base ("crack"), in violation of 21 U.S.C. § 846 (Count Five), and seven counts of laundering of monetary instruments in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i) (Counts Twenty-One through Twenty-Seven). Miller has moved for a new trial on all counts pursuant to Rule 33 of the Federal Rules of Criminal Procedure. The Motion is denied for the following reasons.

## I.      LEGAL STANDARD

Federal Rule of Criminal Procedure 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "'Whether to grant a Rule 33 motion lies within the district court's sound discretion.'" United States v. Georgiou, Crim. A. No. 09–88, 2011 WL 6150596, at *6 (E.D. Pa. Dec. 12, 2011) (quoting United States v. Ortiz, 182 F. Supp. 2d 443, 446 (E.D. Pa. 2000)). "'[W]hen a district court evaluates a Rule 33 motion it does not view the evidence favorably to the Government, but instead exercises its own judgment in assessing the Government's case.'" United States v. Silveus, 542 F.3d 993, 1004 (3d Cir. 2008) (quoting United States v. Johnson, 302 F.3d 139, 150 (3d Cir. 2002)). "However, even if a district court believes that the jury verdict is contrary

to the weight of the evidence, it can order a new trial 'only if it believes that there is a serious danger that a miscarriage of justice has occurred -- that is, that an innocent person has been convicted.'" Id. at 1004-05 (quoting Johnson, 302 F.3d at 150).  Rule 33 motions are disfavored "and should be 'granted sparingly and only in exceptional cases.'" Id. (quoting Gov't of Virgin Islands v. Derricks, 810 F.2d 50, 55 (3d Cir. 1987)).

## II.    DISCUSSION

Miller claims that he is entitled to a new trial for three reasons: (1) the Government obtained his conviction through the perjured testimony of Emmanuel Moore; (2) the Government did not provide him with Jencks Act material with respect to Moore; and (3) the Government improperly introduced evidence of Miller's previous conviction for possession of cocaine with intent to distribute.

Miller contends that the Government improperly permitted Moore to testify at trial that he obtained $160,000 from Miller to purchase drugs.  Miller maintains that Moore's testimony was untruthful, and that the Government knew that it was untruthful, because the Government had seized those funds and Moore did not disclose to the Government that those funds were to be used to purchase drugs when he sought their return.  Miller also maintains that the Government knew that Moore's testimony was untruthful because another trial witness, Craig Lofton, testified that those funds came from other sources.  "The general rule applied in these circumstances is that a 'conviction obtained by the knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury.'"  United States v. Jackson, 192 F. App'x 96, 98-99 (3d Cir. 2006) (quoting United States v. Agurs, 427 U.S. 97, 103 (1976)).  Moore, however, **did not** testify at trial that he

obtained $160,000 from Miller to purchase drugs.  Moore testified that he obtained the $160,000

from Miller's co-defendant, Jaquel Crews.  (March 6, 2012 N.T. at 29-30.)  While Moore testified

that Miller was with Crews when Crews gave him the $160,000, he did not identify Miller as being

the source of any of those funds; rather, he testified that he obtained the entire $160,000 from

Crews.  (Id. at 22, 29-30.)  Miller's Rule 33 Motion is, accordingly, denied to the extent that he

argues that his conviction was obtained through the knowing use of perjured testimony.

Miller also argues that he is entitled to a new trial because he "was not provided with any

Jencks Act material showing that Moore would appear as a main witness against him."  (Miller

Mem. at 3.)  The Jencks Act provides that "'[a]fter a witness called by the United States has testified

on direct examination, the court shall, on motion of the defendant, order the United States to produce

any statement (as hereinafter defined) of the witness in the possession of the United States which

relates to the subject matter as to which the witness has testified.'"  United States v. Rickard,  336

F. App'x 235, 243 (3d Cir. 2009) (alteration in original) (quoting 18 U.S.C. § 3500(b)).  Miller has

not identified any statements made by Moore that the Government failed to produce in accordance

with the Jencks Act.  Miller has consequently failed to establish that the Government violated the

Jencks Act with respect to Moore and his Rule 33 Motion is, accordingly, denied with respect to this

argument.

Miller further maintains that he was prejudiced by the Government's improper introduction

of evidence regarding his previous conviction for possession of cocaine with intent to distribute,

specifically, the testimony of Government witnesses Michael Tucker, Police Officer Shawn Casey

and Police Officer Bradford Mitchell.  On December 1, 2008, Miller pled guilty to Count One of

Indictment No. 07-663, which charged him with possession of 500 grams or more of cocaine with

3

the intent to distribute on September 22, 2005, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).

Miller entered into the following stipulation with the Government regarding that conviction that was

entered into evidence during his trial in this case:

> Defendant Mark Miller has admitted that on September 22, 2005, he possessed with intent to distribute a total of . . . 499.38 grams of cocaine in a gold Chevrolet Malibu, Pennsylvania license FWC3389, and in a closet, Apartment 186, Timber [Cove] Apartments at 8529 Rising Sun Avenue in Philadelphia, Pennsylvania.

(3/1/12 N.T. at 58.)  Michael Tucker testified at trial that, in September 2005, Miller kept cocaine

in an apartment located on Rising Sun Avenue.  (Id. at 26-27.)  Police Officer Carey testified that

he stopped Miller on September 22, 2005, while Miller was driving a gold colored Chevrolet Malibu.

(Id. at 54-57.)  Police Officer Mitchell testified that, on September 22, 2005, he was conducting

surveillance of Apartment 186 of the Timber Cove Apartments, that he observed Miller drive up to

Apartment 186 in a gold colored Chevrolet Malibu, and that Miller entered the apartment using a

key.  (Id. at 98-100.)  He further testified that he searched Apartment 186 later that day, pursuant to

a search warrant, and that he found cocaine residue in the apartment.  (Id. at 101-02.)

    Miller contends that the Government's use of this evidence violated Federal Rule of Evidence

404(b)(1), which prohibits the use of evidence of another crime "to prove a person's character in

order to show that on a particular occasion the person acted in accordance with the character."  Fed.

R. Evid. 404(b)(1).  "Rule 404(b) 'does not apply to evidence of uncharged offenses committed by

a defendant when those acts are intrinsic to the proof of the charged offense.'"  United States v.

Hoffecker, 530 F.3d 137, 189 (3d Cir. 2008) (quoting United States v. Gibbs, 190 F.3d 188, 217 (3d

Cir. 1999)).  "'[A]cts are intrinsic when they directly prove the charged conspiracy.'"  Id. (quoting

United States v. Cross, 308 F.3d 308, 320 (3d Cir. 2002)).  Consequently, "[e]ven if the evidence

4

is 'extremely prejudicial to the defendant,' 'the court would have no discretion to exclude it because it is proof of the ultimate issue in the case.'" Id. (quoting Gibbs, 190 F.3d at 218).

Count Five of Second Superseding Indictment No. 10-663 charges Miller with conspiracy to distribute five kilograms or more of cocaine and 50 grams or more of cocaine base ("crack") between 1986 and November 16, 2007, in violation of 21 U.S.C. § 846.   Miller's purchase of cocaine in September 2005, and sale of cocaine on September 22, 2005, to an individual identified as "M.T." are two of the overt acts of the conspiracy described in Count Five.   (2d Superseding Indictment Count 5, Overt Acts ¶¶ 4, 31.)   The evidence Miller challenges is thus intrinsic to the proof of the drug trafficking conspiracy charged in Count Five of Second Supers eding Indictment No. 10-663.   Consequently, the Government's introduction of that evidence at trial was not barred by Rule 404(b).   Miller's Rule 33 Motion is, accordingly, denied with respect to his argument that the Government's introduction of his previous conviction and the testimony of Michael Tucker, Police Officer Carey and Police Officer Mitchell was improper.

## III.   CONCLUSION

For the foregoing reasons, we conclude that the interests of justice do not require that we vacate Miller's conviction and grant him a new trial.   The Rule 33 Motion is, therefore, denied.   An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova

_____

John R. Padova, J.

5